**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| HYDRO-PHOTON, INC., )<br>Plaintiff, )<br>v. )<br>MERIDIAN DESIGN, INC., )<br>Defendant. ) | C.A. No. 05-11240 GAO<br><br>DEFENDANT MERIDIAN DESIGN,<br>INC.'S ANSWER AND<br>COUNTERCLAIMS |

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant, Meridian Design, Inc., ("Meridian") responds to the Complaint of Plaintiff, Hydro-Photon, Inc., ("Hydro-Photon") as follows.

Meridian denies each and every allegation contained in the Complaint that is not expressly admitted below. Any factual allegation admitted below is admitted only as to the specific admitted fact, not as to any purported conclusions, characterizations, implications, or speculations that arguably follow from the admitted facts. Meridian denies that Hydro-Photon is entitled to the relief requested.

**JURISDICTION AND VENUE**

1. Meridian admits that claims of patent infringement under 35 U.S.C. § 271 *et seq.* have been alleged in this action. Meridian admits that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). Meridian denies all other allegations in paragraph 1 of the Complaint.

2. Meridian admits that venue properly resides in this District.

**PARTIES**

3. Meridian is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint and consequently denies the same.

4. Meridian admits the allegations in paragraph 4 of the Complaint.

5. Meridian admits the allegations in paragraph 5 of the Complaint.

6. Meridian admits that it owns the web site www.uvaquastar.com. The document attached as Exhibit A to the Complaint speaks for itself, and, therefore, no response is required. Meridian denies all other allegations in paragraph 6 of the Complaint.

7. Meridian denies that it regularly enter into contracts with residents of the Commonwealth of Massachusetts. Meridian admits the remaining allegations in paragraph 7 of the Complaint.

## ANSWER TO COUNT I
### Patent Infringement

8. Meridian incorporates herein its responses to paragraphs 1-7 as though fully set forth herein.

9. The allegations in paragraph 9 of the Complaint call for a legal conclusion and, therefore, no response is required.

10. Meridian denies that U.S. Patent No. 6,110,424 ("the '424 patent") was duly and legally issued. Meridian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 10, including whether Hydro-Photon is the owner of the '424 patent, and therefore denies them. To the extent that the '424 patent is attached as Exhibit B of the Complaint, Meridian admits that the '424 patent is entitled "Hand-Held Ultraviolet Water Purification System," that it issued on August 29, 2000, and that Hydro-Photon was listed as the assignee on the issued patent.

11. Meridian denies the allegations in paragraph 11 of the Complaint.

12. Meridian is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the complaint, and therefore denies them.

13. Meridian admits that it has knowledge of the '424 patent. Meridian denies all other allegations in paragraph 13 of the Complaint.

14. Meridian denies the allegations in paragraph 14 of the Complaint.

-2-

### RESPONSE TO PRAYER FOR RELIEF

Meridian denies that Hydro-Photo is entitled to the relief requested in the Prayer (A through G).

### AFFIRMATIVE DEFENSES

Defendant Meridian sets forth the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

Meridian has not and does not infringe any valid claim of the '424 patent.

### SECOND AFFIRMATIVE DEFENSE

The '424 patent is invalid because it fails to satisfy the conditions for patentability specified in Title 35 of the United States Code, including, *inter alia*, §§ 102, 103 and 112.

### THIRD AFFIRMATIVE DEFENSE

Hydro-Photo is barred from maintaining this action against Meridian because at all times Meridian's acts were justified and lawful.

### FOURTH AFFIRMATIVE DEFENSE

Hydro-Photo is estopped, based on statements, representations, and admissions made during prosecution of the patent applications resulting in the '424 patent and related applications from asserting any interpretation of the '424 patent claims that would cover Meridian's technology.

### COUNTERCLAIMS

Defendant Meridian asserts the following counterclaims against Plaintiff Hydro-Photon:

### PARTIES

1. Meridian Design, Inc. is a California corporation having a place of business at 2033 San Elijo Avenue, Cardiff, California 92007.

2. Upon information and belief, Hydro-Photon is, as alleged in the Complaint, a Maine corporation having a principal place of business at 262 Ellsworth Road, Blue Hill, Maine 04614.

**JURISDICTION AND VENUE**

3. Hydro-Photon claims to be the owner of the '424 patent, and claims to have the right to sue others for infringement of the '424 patent.

4. By virtue of Hydro-Photon's suit against Meridian for the alleged infringement of the '424 patent, there exists an actual case or controversy between Hydro-Photon and Meridian, and this Court should now settle the controversy between Hydro-Photon and Meridian by declaring their respective rights with regard to the '424 patent and their conduct related thereto.

5. This is an action arising under the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States, 35 U.S.C. §271 *et seq.*, based on the actual justiciable controversy between Hydro-Photon and Meridian. The counterclaims herein are compulsory under Rule 13(a) of the Federal Rules of Civil Procedure and the Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a) and 2201-2202.

6. Venue properly resides in this District pursuant to 28 U.S.C. §§ 1391 and 1400.

**COUNT I**

**Declaration of Noninfringement**

7. Meridian realleges each of the allegations set forth in paragraphs 1-6 above.

8. Meridian has not infringed and does not infringe the '424 patent.

9. Hydo-Photon's allegations in the Complaint claiming that Meridian has infringed the '424 patent warrant judicial relief from this Court in the form of a declaration that Meridian has not infringed and is not infringing the '424 patent.

**COUNT II**

**Declaration of Invalidity**

10. Meridian realleges each of the allegations set forth in paragraphs 1-9 above.

11. The '424 patent is invalid because it fails to satisfy the conditions for patentability specified in Title 35 of the United States Code, including *inter alia* 35 U.S.C. §§ 102, 103, and/or 112.

12. In its Complaint, Hydro-Photon alleges that the '424 patent was duly and legally issued. Meridian denies that the '424 patent was duly and legally issued, including because the

'424 patent is invalid for failing to satisfy the conditions for patentability under Title 35 of the United States Code.  An actual and justiciable controversy has therefore arisen and Meridian warrants judicial relief from this Court in the form of a declaration that the '424 patent is invalid.

## PRAYER FOR RELIEF

**WHEREFORE, Meridian prays for Judgment against Hydro-Photon as follows:**

A.  That a judgment be entered declaring that Meridian has not infringed and is not infringing the '424 patent;

B.  That a judgment be entered declaring that the '424 patent is invalid;

C.  That Hydro-Photo's Complaint be dismissed with prejudice, and that Hydro-Photo take nothing thereby;

D.  That Meridian be awarded its reasonable costs and attorney's fees necessarily incurred in defending and prosecuting this action;

E.  That the Court enter judgment that this case is an exceptional case under 35 U.S.C. § 285, and enter a judgment awarding Meridian its costs and reasonable attorneys' fees;

F.  That Meridian be awarded relief under 28 U.S.C. § 2202; and

G.  That the Court grants Meridian whatever further relief the Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure Meridian demands a trial by jury of all issues.

Dated:  July 18, 2005                                   Respectfully submitted,

/s/Christopher Centurelli/s/
Jeffrey L. Snow (BBO #566388)
Christopher Centurelli (BBO #330860)
KIRKPATRICK & LOCKHART
NICHOLSON GRAHAM LLP
75 State Street
Boston, MA  02109-1808
(617) 261-3100

-6-

Of Counsel:

Peter Midgley
Matthew Whipple
HOLLAND & MIDGLEY, LLP
P.O. Box 1840
Boise, ID 83701
(208) 433-1231

*Attorneys for MERIDIAN DESIGN, INC.*

## **CERTIFICATE OF SERVICE**

    I hereby certify that I served a copy of the above document by hand upon counsel for Plaintiff on July 18, 2005.

                                                                                              _____

                                                                                                 Christopher Centurelli