UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

HYDRO-PHOTON, INC.,
a Maine Corporation

        Plaintiff,

v.

MERIDIAN DESIGN, INC., a California
Corporation

        Defendant.

Civil Action No. 05-11240 GAO

## JOINT 26(f) DISCOVERY PLAN AND SCHEDULE

Pursuant to Fed.R.Civ.P. 16(b) and 26(f), a meeting was held between counsel for Plaintiff Hydro-Photon, Inc. ("Hydro-Photon") and Defendant Meridian Design, Inc. ("Meridian") by telephone on September 8, 2005.

The parties hereby report on that meeting and set forth the following regarding a discovery plan and schedule for this case.

1.    Rule 26(a) Disclosures

The parties exchanged Rule 26(a)(1) disclosures on September 20, 2005.

2.    Discovery Subjects and Procedures

The parties agree that discovery will be needed in this patent case on the subjects of infringement and validity of the patent-in-suit, claim interpreatation, and damages.  Defendant submits that discovery will also be needed on the subject of the enforceability of the patent-in-suit.  Plaintiff submits that there is no issues of the enforceability of the patent-in-suit currently framed by the pleadings in this case.

The parties also agree that discovery should not be conducted in phases or limited to or focused on particular issues.

Case 1:05-cv-11240-GAO     Document 6     Filed 10/12/2005     Page 2 of 5

3. <u>Discovery Event Limitations</u>

   *a.     Plaintiff's Position*

   Plaintiff proposes that the parties be bound by the following discovery limitations. Depositions shall be limited to a total of seventy (70) hours for each side, exclusive of expert depositions. Particular depositions need not be concluded within seven (7) hours. Interrogatories shall be limited to fifty (50) per party, including subparts. Requests for admission shall be limited to one-hundred (100) per party, excluding requests directed to authenticating documents. Each party shall be permitted up to four (4) separate sets of requests for production.

   *b.     Defendant's Position*

   Defendant proposes that the parties be bound by the discovery limitations set forth in Local Rule 26.1(C), which provides for ten (10) depositions, twenty-five (25) interrogatories, twenty-five (25) requests for admission, and two (2) separate sets of requests for production.

4. <u>Scheduling</u>

   The parties have not wholly agreed upon a schedule for this case. Plaintiff believes that Markman Briefing and a Markman Hearing will aid the Court in construing the claim terms at issue. Defendant believes that any claim construction issues may be resolved with the parties' dispositive motions, and does not believe that a separate Markman procedure is necessary for claim interpretation. Moreover, the parties also disagree on the time necessary to complete those discovery events that they believe need to be completed prior to the trial of this case. The schedules proposed by the Plaintiff and Defendant are set forth separately below:

| Discovery Event | Plaintiff's Proposal | Defendant's Proposal |
|---|---|---|
| Motions to Amend Pleadings to add claims or parties | November 14, 2005 | May 26, 2006 |

| Discovery Event | Plaintiff's Proposal | Defendant's Proposal |
|---|---|---|
| Filing of initial Markman briefs | November 14, 2005 | None |
| Filing of responsive Markman briefs | December 14, 2005 | None |
| Markman Hearing | January 5, 2006 | None |
| Close of Fact Discovery | February 13, 2006 | August 25, 2006 |
| Parties to serve expert reports on any issues as to which the parties have the burden of proof | February 13, 2006, or 30 days after the Court issues its Markman decision, whichever is later | September 29, 2006 |
| Parties to serve expert reports on any issues as to which the parties do not have the burden of proof | March 13, 2006, or 60 days after the Court issues its Markman decision, whichever is later | November 10, 2006 |
| Close of expert discovery | April 13, 2006, or 90 days after the Court issues its Markman decision, whichever is later | January 12, 2007 |
| Filing dispositive motions* | May 13, 2006, or 120 days after the Court issues its Markman decision, whichever is later | March 2, 2007 |
| Pretrial Conference | July 1, 2006, or 180 days after the Court issues its Markman decision, whichever is later | April 27, 2007 |
| Trial | August 5, 2006, or 210 days after the Court issues its Markman decision, whichever is later | To be determined |

*Plaintiff believes that the particular circumstances of this case are such that many issues are susceptible to early disposition by summary judgment. Plaintiff's present intention is to file motions for summary judgment, as appropriate, prior to this deadline.


5. <u>Other</u>

The parties do not consent to trial by a Magistrate Judge at this time.

The parties do not desire ADR at this time.

The parties agree to separately file the Certifications signed by counsel and authorized representatives of their respective clients in compliance with Local Rule 16.1(d)(3).


| Respectfully submitted, | Respectfully submitted, |
| --- | --- |
| HYDRO-PHOTON, INC. | Meridian Design, Inc. |
| | |
| /s/ John L. Capone | /s/ Peter M. Midgley |
| Thomas C. O'Konski  BBO #378,265 | Peter M. Midgley, Esq. |
| John L. Capone BBO #656,150 | Holland & Midgley, LLP |
| Kevin Gannon BBO #640,931 | 802 West Bannock Street |
| CESARI and MCKENNA, LLP | Suite 305 |
| 88 Black Falcon Avenue | P.O. Box 1840 |
| Boston, MA 02210 | Boise, ID 83701 |
| Telephone:  (617) 951-2500 | |
| Facsimile:  (617) 951-3927 | |
| | |
| Dated: October 12, 2005 | Dated: October 12, 2005 |
