UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HYDRO-PHOTON, INC., a Maine Corporation<br><br>Plaintiff,<br><br>v.<br><br>MERIDIAN DESIGN, INC., a California Corporation<br><br>Defendant. | Civil Action No. 05-11240 GAO |

[PROPOSED]
**STIPULATED PROTECTIVE ORDER**

WHEREAS certain information, documents and things subject to discovery in this action may be claimed to be highly sensitive or contain a trade secret or other confidential research, development, strategy, marketing, sales, business or commercial information ("Confidential Information" and/or "Highly Confidential Information" as defined in paragraph 3 below);

WHEREAS it has been agreed by and among Plaintiff Hydro-Photon, Inc. ("Hydro-Photon") and Defendant Meridian Design, Inc. ("Meridian"), through their respective counsel, that a Stipulated Protective Order preserving the confidentiality of certain documents and information should be entered by the United States District Court for the District of Massachusetts; and

WHEREAS the Court has reviewed the terms and conditions of the Stipulated Protective Order submitted by the parties;

IT IS HEREBY STIPULATED AND ORDERED:

1.   Scope.   This Stipulated Protective Order shall apply to all information, documents and things subject to discovery and provided in connection with the above-identified action, including without limitation, testimony adduced at depositions upon oral examination or upon

written questions, answers to interrogatories, documents and things produced (including documents and things produced to the Receiving Party(ies) for inspection, and documents and things provided to the Receiving Party(ies), whether in the form of originals or copies) by a Disclosing Person, information obtained from inspection of premises or things, and answers to requests for admissions. This Stipulated Protective Order is binding upon the parties to this litigation, including their respective attorneys, agents, representatives, officers, employees and others as set forth in this Stipulated Protective Order.

2. <u>Third Parties</u>. A copy of this Stipulated Protective Order may be furnished to any third party required to produce documents or otherwise formally disclose information in response to discovery requests during this litigation. Such third parties may elect to avail themselves of, and agree to be bound by, the terms and conditions of this Stipulated Protective Order and thereby become a Disclosing Person for purposes of this Stipulated Protective Order.

3. <u>Definitions</u>.

(a) "Receiving Party(ies)" means any party or parties to this action receiving information, documents or things from a Disclosing Person.

(b) "Disclosing Person" means a party as well as nonparty person or entity providing discovery in connection with this action.

(c) "Outside Counsel" means outside law firms and/or lawyers that have been retained by a party or third-party to provide advice in connection with this action. Outside Counsel includes attorneys, patent agents, paralegals, assistants and stenographic, clerical and support employees of the respective law firms and/or lawyers.

(d) "Confidential Information" means information, documents and things designated as "Confidential," where such information, documents and things relate to non-public, sensitive or confidential information. "Confidential Information" includes, without limitation, details of design of any existing, publicly available product to the extent that such details are apparent from an inspection and/or study of the product, disclosed in any issued patent or published patent application and/or not maintained as trade secrets of the party producing the product.

(e) "Highly Confidential Information" means information, documents and things designated as "Highly Confidential – Outside Counsel Eyes Only" and relating to:

    (i) non-public marketing, research, development and/or strategic plans, including, without limitation, details of the design of products not yet publicly available and/or of any existing product to the extent that such details are not apparent from an inspection and/or study of the product, are not disclosed in any issued patent or published patent application, or have been maintained as trade secrets of the party producing the product;

    (ii) customer lists;

    (iii) non-public financial, production and/or manufacturing cost information; or

    (iv) pending, unpublished patent applications.

This list is intended to be illustrative of Highly Confidential Information only; it is not intended to provide an exhaustive list of information, documents or things that may be designated in good faith as "Highly Confidential – Outside Counsel Eyes Only" so long as such information, documents or things are non-public and highly sensitive commercially.

4.      **Use of Discovery Materials, Confidential Information, or Highly Confidential Information.** All information, documents, and things provided in the above-identified action shall be used solely for the preparation and trial of this lawsuit, settlement discussions, and negotiations in connection with this lawsuit, or any form of alternative dispute resolution of this action, and for no other purpose. Copies or excerpts of, information contained within, or summaries, notes or charts containing any information, document or thing designated as "Confidential" shall be treated as Confidential Information. Such materials containing any information, document or thing designated as "Highly Confidential – Outside Counsel Eyes Only" shall be treated as Highly Confidential Information. Nothing in this Stipulated Protective Order shall prohibit or restrict a Disclosing Person from disclosing or using in any way its own Confidential Information or Highly Confidential Information.

5.      **Labeling.** Each document or thing provided to the Receiving Party(ies), or any portion thereof, each set of interrogatory answers or portion thereof, and each set of answers to requests for admission or portion thereof that discloses information deemed by the Disclosing Person in good faith to be Confidential Information or Highly Confidential Information, as such terms are defined in paragraph 3, shall be so identified at the time of service of such discovery by including on each page the legend "CONFIDENTIAL" or, as the case may be, "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" or, if provided to the Receiving Party(ies) prior to the date of the entry of this Stipulated Protective Order, may be so identified within fourteen (14) calendar days of that date. Information being designated as "Confidential" or "Highly Confidential – Outside Counsel Eyes Only" that is not in documentary or other tangible form, or that cannot conveniently be labeled, shall be designated and/or categorized by the Disclosing Person in a writing provided to the Receiving Party(ies) at the time of production.

6. <u>Initial Inspection</u>. If a producing party elects to produce documents and things for inspection, it need not label the documents and things in advance of the initial inspection. For purposes of the initial inspection, all documents and things produced for initial inspection will be considered as having been designated as "Highly Confidential – Outside Counsel Eyes Only." Thereafter, on selection of specified documents for copying by the inspecting party, the producing party shall mark either the original documents or the copies of such documents as may contain protected subject matter with the appropriate confidentiality marking at the time the copies are produced to the inspecting party.

7. <u>Depositions</u>. Depositions, or portions thereof, may be designated as "Confidential" or "Highly Confidential – Outside Counsel Eyes Only" at the time of the deposition. If no such designation is made at the deposition, each transcript shall be presumptively deemed to be Highly Confidential Information and subject to the provisions of this Stipulated Protective Order for a period of thirty (30) calendar days following the delivery of the transcript by the reporter. Within thirty (30) calendar days of the delivery of the transcript, counsel for the deponent (if the deponent is not a party) or Outside Counsel for any party may designate certain portions of the deposition as "Confidential" or "Highly Confidential – Outside Counsel Eyes Only" by notifying all counsel of record in writing of said designation(s). Outside Counsel for each party shall be responsible for marking the designated portions of copies of the transcript in their possession as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" in accordance with the requirements of paragraph 5. Portions of the transcript not designated by Outside Counsel or counsel for the deponent, within thirty (30) calendar days after receipt of the transcript, as "Confidential" or "Highly Confidential – Outside Counsel Eyes Only" shall be considered not to contain any Confidential Information or

Highly Confidential Information. Outside Counsel and/or counsel for the deponent shall make their best efforts not simply to designate an entire transcript as "Confidential" or "Highly Confidential – Outside Counsel Eyes Only," and shall make a good faith effort to designate Confidential Information or Highly Confidential Information by page and line number. Designations of portions of the transcript shall have no effect on the designations of the deposition exhibits.

If counsel for any party or for the deponent designates a portion of a deposition as "Confidential" or "Highly Confidential – Outside Counsel Eyes Only" on the record during the deposition, the designating party shall have the right to have all persons not bound by this Protective Order or not entitled to access to the Confidential Information or Highly Confidential Information excluded from the deposition, or any portion thereof, before the taking of testimony that has been designated as "Confidential" or "Highly Confidential – Outside Counsel Eyes Only."

8. <u>Access to Confidential Information</u>. Information, documents and things identified as Confidential Information pursuant to this Stipulated Protective Order shall not be disclosed, given, shown, made available or communicated in any way, directly or indirectly, to anyone other than:

(a) Outside Counsel for the parties;

(b) any independent experts for the Receiving Party(ies) who have not been regularly employed by or consulting for either party and whose advice and consultation are being or will be used by a party hereto in connection with preparation for trial or trial of this action; provided, however, that the Additional Disclosure requirements of paragraph 16 below are fulfilled;

(c) independent litigation support service personnel with whom persons defined in paragraphs 8(a) and 8(b) work in connection with the above-captioned action;

(d) the parties, including officers, directors and employees of the parties, on a need to know basis only, for the sole purpose of assisting in this lawsuit, as well as the secretarial and clerical employees who work regularly with such persons; provided, however, that the Additional Disclosure requirements of paragraph 16 below are fulfilled;

(e) Court officials (including court reporters and any special master, discovery master or technical advisor appointed by the court) and the Court's staff in connection with the Court's administration and adjudication of this action; and

(f) any person who prepared a particular document designated as "Confidential" or who is listed on the face of such a document as a recipient of the document, or who has been shown likely to have received a copy of the document in the ordinary course of business, but the disclosure shall be limited to the specific Confidential Information disclosed in the particular document prepared or received by such person.

9. <u>Access to Highly Confidential Information</u>. Information, documents and things identified as Highly Confidential Information pursuant to this Stipulated Protective Order shall not be disclosed, given, shown, made available or communicated in any way, directly or indirectly, to anyone other than:

(a) Outside Counsel for the parties, with the exception of individual attorneys, agents or experts associated with Outside Counsel for the Receiving Party(ies) who have prepared and/or prosecuted or who intend to prepare and/or prosecute patent

applications for such party(ies) related to the subject matter of the patent(s) and accused products in this litigation. Any attorney, agent or expert who receives disclosure of, is given or shown Highly Confidential Information shall not draft or otherwise assist with the preparation, filing or prosecution of any patent application on behalf of the Receiving Party(ies) related to the subject matter of the patent(s) or accused products in this litigation during the pendency of this lawsuit and for a period of one year subsequent to final adjudication of this lawsuit from which no appeal may be taken. Any Highly Confidential Information received by the Receiving Party(ies), regardless of the form in which received (electronic or otherwise), shall be maintained by Outside Counsel in such a manner and in such a location or locations which assure that access thereto is restricted only to those expressly authorized to have access to Highly Confidential Information as set forth in this paragraph;

(b) any independent experts for the Receiving Party(ies) who are not regularly employed by or consulting for either party and whose advice and consultation are being or will be used by a party hereto in connection with preparation for trial or trial of this action; provided, however, that the Additional Disclosure requirements of paragraph 16 below are fulfilled;

(c) independent litigation support service personnel with whom persons defined in paragraphs 9(a) and 9(b) work in connection with the above-captioned action;

(d) Court officials (including court reporters and any special master, discovery master or technical advisor appointed by the court) and the Court's staff in connection with the Court's administration and adjudication of this action; and

(e) any person who prepared a particular document designated as "Highly Confidential – Outside Counsel Eyes Only" or who is listed on the face of such a document as a recipient of the document, but the disclosure shall be limited to the specific Highly Confidential Information disclosed in the particular document prepared or received by such person.

10. <u>Filing Under Seal</u>. A party wishing to file any Confidential or Highly Confidential Information with the Court in connection with this action shall file such information under seal, and shall file a copy of the document or pleading containing such information with the Court for the public record; provided, however, that the public record copy of the document or pleading shall have such Confidential or Highly Confidential Information redacted from it.

The parties have agreed to the following procedure for filing under seal: To the extent that it is necessary to file Confidential Information or Highly Confidential Information or any document or pleading disclosing contents of Confidential Information or Highly Confidential Information in connection with proceedings in this lawsuit, the party wishing to file any such Confidential Information or Highly Confidential Information, shall on each occasion move, pursuant to Local Rule 7.2, for an order of impoundment in the form attached hereto as Exhibit B. Such Confidential Information or Highly Confidential Information shall be filed with the Clerk of the Court in a sealed envelope bearing (1) the caption of the case, and (2) the following label:

> DOCUMENTS UNDER SEAL. CONTAINS CONFIDENTIAL
> INFORMATION SUBJECT TO A STIPULATED PROTECTIVE
> ORDER ENTERED BY THE COURT ON _____.
> TO BE OPENED ONLY BY OR AS DIRECTED BY THE
> COURT.

The materials so filed shall be impounded until sixty (60) days after the entry of final judgment herein, including any applicable appeal period, at which time the counsel who submitted the

Confidential Information or Highly Confidential Information shall certify to opposing counsel that the materials have been retrieved from the Court.

11.  <u>Custody and Control</u>.  The recipient of information, documents or things identified as Confidential Information or Highly Confidential Information hereunder shall maintain such information, documents or things securely and safely and shall exercise due and proper care with respect to the storage, custody, use and/or dissemination of such information, documents or things.  Confidential Information or Highly Confidential Information shall be held in confidence by each person to whom it is disclosed and shall be carefully maintained so as to preclude access by persons who are not entitled to receive such information.  Outside Counsel must maintain copies of all executed Certificates of Confidentiality.

12.  <u>Subpoena</u>.  Any party or person served with a subpoena or other notice compelling the production of any information, documents or things designated as "Confidential" or "Highly Confidential – Outside Counsel Eyes Only" pursuant to this Stipulated Protective Order, is obligated to give prompt telephonic and written notice to the Disclosing Person of such subpoena or other notice.  Such notice shall, in any event, be given by the third business day after service of the subpoena or other notice.  If the Disclosing Person takes steps to oppose the subpoena, then the person served with the subpoena shall not disclose the pertinent information until the Court has resolved the issue.  Absent Court order, production or disclosure shall not in any event be made before notice is given to the Disclosing Person and the Disclosing Person has had at least ten (10) business days to object.  Upon receiving such notice, the Disclosing Person shall bear the burden to oppose, if it deems appropriate, the subpoena on grounds of confidentiality.

13. <u>Designation Not Determinative: Challenges to Confidentiality Designations</u>. Inspection, receipt, or filing under seal by a party of information, a document or thing designated as "Confidential" or "Highly Confidential – Outside Counsel Eyes Only" hereunder shall not constitute a concession by that party that the information, document or thing is Confidential Information or Highly Confidential Information. Subsequent to the inspection or receipt of information, documents or things designated as "Confidential" or "Highly Confidential – Outside Counsel Eyes Only" hereunder, a party may request the Disclosing Person to redesignate such information, documents or things. Such request shall be by written notice to counsel for the Disclosing Person and shall identify with particularity the information, documents or things to be redesignated. If a dispute arises and it is not resolved within fourteen (14) calendar days of the written notice, a motion for further disclosure or reclassification may be filed with the Court. Pending the Court's determination of any motion contesting a designation of Confidential Information or Highly Confidential Information, the information, documents or things shall retain the prior designation as "Confidential" or "Highly Confidential – Outside Counsel Eyes Only." In the resolution of such motion, the Disclosing Person shall have the obligation of showing a good-faith basis for contending that the information, documents or things are properly designated as "Confidential" or "Highly Confidential – Outside Counsel Eyes Only."

14. <u>No Obligation to Object to Designation</u>. The Receiving Party(ies) shall be under no obligation to object to the designation of any document as "Confidential" or "Highly Confidential – Outside Counsel Eyes Only" at the time the designation is made, or at any other time, and a party shall not, by failing to object, be held to have acquiesced or agreed to the designation or be barred from objecting to the designation at any time. The purpose of this Order

is to facilitate discovery in this litigation, and in no manner shall it affect the application of any state or federal law regarding confidentiality of information.

15.     Inadvertent Disclosure. The inadvertent or unintentional disclosure by the Disclosing Person of information, documents or things that it thereafter believes should have been designated as "Confidential" or "Highly Confidential – Outside Counsel Eyes Only," regardless of whether the information, documents or things were so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of the Disclosing Person's claim that the information is Confidential Information or Highly Confidential Information, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter; provided, however, the Disclosing Person must notify the Receiving Party(ies) promptly upon discovery of the inadvertent or unintentional failure to designate by giving written notice to the Receiving Party(ies) that the information, documents or things are Confidential Information or Highly Confidential Information and should be treated in accordance with the provisions of this Protective Order. The Receiving Party(ies) must treat such information, documents or things as Confidential Information or Highly Confidential Information, as appropriate, from the date such written notice is received. Disclosure of such information or material prior to receipt of such notice to persons not authorized to receive Confidential Information or Highly Confidential Information shall not be deemed a violation of this Protective Order; however, those persons to whom disclosure was made must be immediately advised that the material disclosed is Confidential Information or Highly Confidential Information, as appropriate, and must be treated in accordance with this Protective Order. These persons are also to return such information, documents or things to the Receiving Party(ies) under the Stipulated Protective Order.

16. <u>Additional Disclosures</u>. In the event that a party to this action shall desire to provide access to information, documents or things designated as "Confidential" or "Highly Confidential– Outside Counsel Eyes Only" to any person or category of persons not included in paragraphs 8 or 9 hereof, Outside Counsel for such party shall provide written notice to counsel for the Disclosing Person of its intent to make such disclosure, stating therein the specific information, documents and things to be disclosed at least seven (7) calendar days before any Confidential Information or Highly Confidential Information is made available to such person(s). With the written notice shall be included a fully executed copy of Exhibit A and an identification of the person(s) and the intended purpose for the disclosure to the person(s) sufficient to allow the Disclosing Person to determine whether such disclosure might cause it injury. If the Disclosing Person objects in writing within seven (7) calendar days of such notice, no disclosure shall be made to the person(s), and the party desiring to make such disclosure may move the Court for an order that such person(s) be given access to the Confidential Information or the Highly Confidential Information. If the motion is granted, such person(s) may have access to the Confidential Information or Highly Confidential Information, provided that such person(s) have agreed in writing before such access is given to be bound by the terms of this Protective Order, by signing a copy of the attached Certificate of Confidentiality marked Exhibit A, a copy of which will be provided to the Disclosing Person before the Receiving Party(ies) transmits such information to such person(s).

17. <u>Use at Trial</u>. Issues relating to confidentiality and public access to information presented at trial will be addressed at a future time, if necessary.

18. <u>Disposition After Final Termination</u>. If a Receiving Party or its attorneys disclose the Confidential Information or Highly Confidential Information to parties or persons identified

in paragraphs 8 or 9, Outside Counsel for the Receiving Party are responsible for obtaining all documents or things containing Confidential Information or Highly Confidential Information from those parties or persons within forty-five (45) days after the final termination of this action, including any applicable appeal. Outside Counsel shall be entitled to retain or destroy, at their option, all Confidential Information and Highly Confidential Information of any Disclosing Person. Any such information retained by Outside Counsel shall be used only for the purpose of preserving a file on this action and shall not, without the written permission of the Disclosing Person or an order of the Court, be disclosed to anyone other than such Outside Counsel. Within forty-five (45) days after the final termination of this action, including any applicable appeal period, the attorneys for each party shall deliver an affidavit to the Disclosing Person certifying that reasonable efforts have been made to assure that all information, documents, and things produced by the Disclosing Person designated as "Confidential" or "Highly Confidential – Outside Counsel Eyes Only," and any copies thereof, have been retained or destroyed in accordance with the terms of this Stipulated Protective Order. Any party retaining such information may destroy it at a later date without notification.

    19.    <u>Disclosure in Certain Circumstances</u>. The restrictions set forth in the preceding paragraphs shall not apply to information, documents or things that

    (a)    at or prior to disclosure thereof in this action, are or were a matter of public knowledge or were independently obtained by the Receiving Party(ies); or

    (b)    after disclosure thereof, become public knowledge other than by act or omission of the Receiving Party(ies) or its agents, experts, and attorneys.

No party hereto shall be bound by this Stipulated Protective Order as to any information, documents or things that it possessed prior to the entry of this Stipulated Protective Order, unless

the information, documents or things were provided to the Receiving Party(ies) in response to a discovery request in the current litigation prior to the date of the entry of the Stipulated Protective Order and were subsequently designated as "Confidential" or "Highly Confidential– Outside Counsel Eyes Only" pursuant to paragraph 5.

20. <u>Modification</u>. This Stipulated Protective Order shall be without prejudice to the right of any party to seek modification.

21. <u>Service of Notices</u>. All notices required by this Stipulated Protective Order are to be served via hand delivery or facsimile, to the appropriate counsel of record. The date by which a party to this action receiving a notice shall respond, or otherwise take action, shall be computed from the date indicating when the facsimile or hand delivery was received.

22. <u>Duration; Continuing Jurisdiction</u>. This Stipulated Protective Order shall survive the final adjudication of this litigation (including any appellate proceedings), and termination of proceedings shall not relieve any person or party from the obligations of this Stipulated Protective Order. The parties and any other person subject to the terms of this Stipulated Protective Order agree that this Court shall retain jurisdiction over it and them for the purpose of enforcing this Order, including the entering of an order for injunctive relief.

23. <u>Future Representation by Counsel</u>. It is not the intent of the parties, nor of the Court, that an attorney or law firm that acquires knowledge of (or is given access to) protected information pursuant to this Order should thereby be disqualified from other representations adverse to the producing party solely because of such knowledge (or access).

| | |
|---|---|
| Respectfully submitted,<br>HYDRO-PHOTON, INC.<br><br>/s/ John L. Capone<br>Thomas C. O'Konski  BBO #378,265<br>John L. Capone BBO#656,150<br>Kevin Gannon BBO #640,931<br>CESARI and MCKENNA, LLP<br>88 Black Falcon Avenue<br>Boston, MA 02210<br>Telephone: (617) 951-2500<br>Facsimile: (617) 951-3927<br><br><br><br><br><br>Dated: October 28, 2005 | Respectfully submitted,<br>MERIDIAN DESIGN, INC.<br><br>/s/ Peter M. Midgley<br>Jeffrey L. Snow BBO #566388<br>Christopher Centurelli BBO #330860<br>KIRKPATRICK & LOCKHART<br>NICHOLSON GRAHAM LLP<br>75 State Street<br>Boston, MA  02109-1808<br>(617) 261-3100<br><br>Peter Midgley *(pro hac vice)*<br>Matthew Whipple *(pro hac vice)*<br>HOLLAND & MIDGLEY, LLP<br>802 West Bannock Street, Suite 305<br>P.O. Box 1840<br>Boise, ID 83701<br>(208) 433-1231<br><br>Dated: October 28, 2005 |

SO ORDERED.

_____
George A. O'Toole, Jr., U.S.D.J., D.Mass

Date: 11/14/05

EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

HYDRO-PHOTON, INC.,
a Maine Corporation

Plaintiff,

v.

MERIDIAN DESIGN, INC., a California
Corporation

Defendant.

Civil Action No. 05-11240 GAO

**AGREEMENT TO MAINTAIN CONFIDENTIALITY**

I have received and read a copy of the Stipulated Protective Order in this case and I agree to abide by its terms. I understand that materials disclosed to me and designated "Confidential" or "Highly Confidential – Outside Counsel Eyes Only" are subject to various restrictions of use and disclosure, including the restriction that they are to be used solely in connection with this litigation, and not for any business or other purpose whatsoever. I further agree to submit to the jurisdiction of the United States District Court for the District of Massachusetts for the purpose of enforcing my compliance with the Stipulated Protective Order.

DATED this ____ day of _____, 2005.

Name: _____

Address: _____

_____

Phone: _____

Sworn to under the pains and penalties of perjury:

Signature: _____

**EXHIBIT B**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HYDRO-PHOTON, INC., a Maine Corporation<br><br>　　　　Plaintiff,<br><br>v.<br><br>MERIDIAN DESIGN, INC., a California Corporation<br><br>　　　　Defendant. | Civil Action No. 05-11240 GAO |

**(PROPOSED) ORDER OF IMPOUNDMENT**

There having been filed a motion requesting impoundment of certain Confidential Information or Highly Confidential Information within the meaning of the Stipulated Protective Order entered by the Court on _____, and it appearing that there is good cause to impound such Confidential Information or Highly Confidential Information;

IT IS HEREBY ORDERED that the material identified as follows:

_____, shall be impounded until sixty (60) days after the entry of final judgment herein, including any applicable appeal period. Thereafter, the Confidential Information or Highly Confidential Information shall be returned to counsel for the party who filed it. Such counsel shall handle the material returned to them according to the terms of the Stipulated Protective Order entered by the Court.

_____

Dated: _____, 2005