UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| HYDRO-PHOTON, INC., <br>         Plaintiff, <br> v. <br> MERIDIAN DESIGN, INC., <br>         Defendant. | C.A. No. 05-11240 GAO |

**DEFENDANT'S STATEMENT OF DISPUTED FACTS IN SUPPORT OF ITS OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT**

Pursuant to Fed. R. Civ. P. 56 and Local Rule 56.1, Defendant, Meridian Design, Inc. ("Meridian"), respectfully submits this Statement of Disputed Facts in response to Plaintiff Hydro-Photon, Inc.'s ("Hydro-Photon's") statement of undisputed facts in support of its cross-motion for partial summary judgment of infringement ("Hydro-Photon's Statement") (Dkt. No. 20).

1. Meridian lacks sufficient knowledge or evidence concerning whether Hydro-Photon is the legal owner of the '424 patent as stated in paragraph 1 of Hydro-Photon's Statement, and to the extent that fact is deemed material, it would require further discovery to admit or deny this statement. Meridian denies that United States Patent No. 6,110,424 (the '424 patent) was duly and legally issued by the U.S. Patent and Trademark Office on August 29, 2000. *See* Meridian's Answer and Counterclaim.

2. Meridian does not dispute the fact alleged in paragraph 2 of Hydro-Photon's Statement.

3. Meridian does not dispute the fact alleged in paragraph 3 of Hydro-Photon's Statement, but denies that it is material to the issue before the Court on summary judgment.

4. Meridian does not dispute the fact alleged in paragraph 4 of Hydro-Photon's Statement, but denies that it is material to the issue before the Court on summary judgment.

5. Meridian does not dispute the fact alleged in paragraph 5 of Hydro-Photon's Statement.

6. Meridian does not dispute the fact alleged in paragraph 6 of Hydro-Photon's Statement; however, Meridian's AquaStarPlus!™ product does not include a gold ground pin, which is a feature of its AquaStar™ product.

7. Meridian does not dispute the fact alleged in paragraph 7 of Hydro-Photon's Statement, but denies that it is material to the issues before the Court on summary judgment.

8. Meridian does not dispute the fact alleged in paragraph 8 of Hydro-Photon's Statement, but denies that it is material to the issues before the Court on summary judgment.

9. Meridian does not dispute the fact alleged in paragraph 9 of Hydro-Photon's Statement.

10. Meridian denies Hydro-Photon's characterizations of the features of the accused AquaStar™ products. Meridian produced samples of the accused products to the Court with its Motion for Summary Judgment of Non-Infringement.

11. Meridian denies Hydro-Photon's characterizations of the features of the accused AquaStar™ products. Meridian produced samples of the accused products to the Court with its Motion for Summary Judgment of Non-Infringement.

12. Meridian denies Hydro-Photon's characterizations of the features of the accused AquaStar™ products. Meridian produced samples of the accused products to the Court with its Motion for Summary Judgment of Non-Infringement.

13. Meridian lacks sufficient knowledge or evidence concerning the fact alleged in paragraph 13 of Hydro-Photon's Statement, and to the extent it is deemed material, would require further discovery to admit or deny this statement.

14. Meridian does not dispute the fact alleged in paragraph 14 of Hydro-Photon's Statement.

15. Meridian denies the facts alleged in paragraph 15 of Hydro-Photon's Statement. (Gannon Dec., Ex. A, pp 8-9.)

16. Meridian lacks sufficient knowledge or evidence concerning the fact alleged in paragraph 16 of Hydro-Photon's Statement, and to the extent it is deemed material, would require further discovery to admit or deny this statement.

17. Meridian lacks sufficient knowledge or evidence concerning the fact alleged in paragraph 17 of Hydro-Photon's Statement, and to the extent it is deemed material, would require further discovery to admit or deny this statement.

18. Meridian lacks sufficient knowledge or evidence concerning the fact alleged in paragraph 18 of Hydro-Photon's Statement, and to the extent it is deemed material, would require further discovery to admit or deny this statement.

19. Meridian lacks sufficient knowledge or evidence concerning the fact alleged in paragraph 19 of Hydro-Photon's Statement, and to the extent it is deemed material, would require further discovery to admit or deny this statement.

20. Meridian lacks sufficient knowledge or evidence concerning the fact alleged in paragraph 20 of Hydro-Photon's Statement, and to the extent it is deemed material, would require further discovery to admit or deny this statement.

21. Meridian denies the fact alleged in paragraph 21 of Hydro-Photon's Statement.

22. Meridian does not dispute the fact alleged in paragraph 22 of Hydro-Photon's Statement.

23. Meridian denies that the Amendment reference in paragraph 23 of Hydro-Photon's Statements was made for any purpose other than those relating to patentability. (Gannon Dec., Ex. F.)

24. Meridian denies the facts alleged in paragraph 24 of Hydro-Photon's Statement. (Gannon Dec., Ex. F.)

25. Meridian does not dispute the fact in paragraph 25 of Hydro-Photon's Statement, but denies that it is material to the issues before the Court on summary judgment.

26. Meridian denies the fact alleged in paragraph 26 of Hydro-Photon's Statement. (Second Matthew's Dec. ¶10.)

27. The Meridian's patent application, attached as Exhibit G to Gannon's speaks for itself, and Meridian denies Hydro-Photon's characterizations of the statements contained therein.

28. Meridian denies the fact alleged in paragraph 28 of Hydro-Photon's Statement. (Second Matthew's Dec. ¶¶ 9, 13.)

29. Meridian denies the fact alleged in paragraph 29 of Hydro-Photon's Statement. (Second Matthew's Dec. ¶¶ 9, 10, 13.)

30. Meridian denies the fact alleged in paragraph 30 of Hydro-Photon's Statement. (First and Second Matthew's Dec.)

- 5 -

|  |  |
|---|---|
| Dated: December 12, 2005 | Respectfully submitted, |

/s/Christopher Centurelli
Jeffrey L. Snow (BBO #566388)
Christopher Centurelli (BBO #330860)
KIRKPATRICK & LOCKHART
NICHOLSON GRAHAM LLP
75 State Street
Boston, MA 02109-1808
(617) 261-3100

Peter Midgley
Matthew Whipple
HOLLAND & MIDGLEY, LLP
P.O. Box 1840
Boise, ID 83701
(208) 336-1234

Attorneys for Defendant
Meridian Design, Inc.