

**Kirkpatrick & Lockhart Nicholson Graham** LLP

State Street Financial Center
One Lincoln Street
Boston, MA 02111-2950
617.261.3100
Fax 617.261.3175
www.klng.com

May 26, 2006

Jeffrey L. Snow

617.951.9233
Fax: 617.261.3175
jsnow@klng.com

**Hand Delivery**

Hon. George A. O'Toole
United States District Judge
District of Massachusetts
John Joseph Moakley Courthouse
1 Courthouse Way
Boston, MA 02110

Re:    Hydro-Photon, Inc. v. Meridian Design, Inc.
       Civil Action No. 05-11240 GAO

Dear Judge O'Toole:

We represent Defendant Meridian Design, Inc. in the above-identified action. This is in response to the letter to Your Honor dated May 23, 2006, from Thomas C. O'Konski, counsel for Plaintiff Hydro-Photon, Inc.

Plaintiff's letter, which follows the parties' briefing and the motion hearing on Defendant's pending summary judgment motion, cites a recent Federal Circuit case that Plaintiff argues is relevant to the present action. However, Plaintiff admits in the letter that the opinion "reiterates" the Federal Circuit's "longstanding" position concerning the proper construction of means-plus-function claim limitations. Plaintiff's letter does not provide any new or revised legal principles that would affect the present action.

The parties have already submitted their arguments regarding the proper construction of the "control means" limitation of claim 7 of Plaintiff's patent-in-suit. Moreover, Plaintiff has misapplied the holding of the cited Federal Circuit opinion as it relates to the present case. The issue before the Federal Circuit in *Applied Medical Resources Corp. v. U.S. Surgical Group* was the application of the asserted function to the accused product in the infringement analysis, rather than construing the "means" language to determine the corresponding structure as the parties have asked this Court to do. For the reasons stated in Defendant's briefs, Defendant's proposed construction of the "control means" limitation does not import unclaimed functions, but rather correctly interprets this claim limitation based on the patent specification. In particular, the "control means" limitation should be construed as the combination of a liquid level sensor and an on-off switch, as well as the structural equivalents of such a combination.

BOS-972924 v1

BOSTON • DALLAS • HARRISBURG • LONDON • LOS ANGELES • MIAMI • NEWARK • NEW YORK • PALO ALTO • PITTSBURGH • SAN FRANCISCO • WASHINGTON



**Kirkpatrick & Lockhart Nicholson Graham** LLP

Hon. George A. O'Toole
May 26, 2006
Page 2

Defendant Meridian Design, Inc. requests that the Court grant its motion for summary judgment of non-infringement for the reasons stated in its briefs and during the motion hearing before the Court.

Sincerely,

*Jeffrey L. Snow* / FILED BY *Christopher* CHRISTOPHER CENTURELLI

Jeffrey L. Snow

JLS:jab

cc: Thomas C. O'Konski, Esq.