UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HYDRO-PHOTON, INC.,<br>    Plaintiff,<br>v.<br>MERIDIAN DESIGN, INC.,<br>    Defendant. | C.A. No. 05-11240 GAO |

**DEFENDANT MERIDIAN DESIGN, INC.'S RESPONSE TO
PLAINTIFF'S REQUEST FOR RECONSIDERATION**

Defendant, Merdian Design, Inc. ("Meridian") hereby provides its Response to Plaintiff Hydro-Photon, Inc.'s ("Hydro-Photon's") Request for Reconsideration (Dkt. No. 38) of the Court's Memorandum and Order dated January 18, 2007 ("Order") (Dkt. No. 37). The Court made no clear error of law in construing the "control means" limitation of claim 7 of U.S. Patent No. 6,110,424 ("the '424 patent") to include a liquid level sensor, and Hydro-Photon's request for reconsideration should be denied.

This Court has delineated the standard for reconsideration, as follows:

> When faced with a motion for reconsideration, a district court must balance the need for finality against the duty to render just decisions. *See McCoy v. Macon Water Auth.*, 966 F. Supp. 1209, 1222 (M. D. Ga.1997). In order to accommodate these competing interests, a court should grant a motion for reconsideration of an interlocutory order only when the movant demonstrates (1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error of law in the first order. *See id*. at 1222-23; 18 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure*, § 4478, at 789-90 (1981).

*Davis v. Lehane*, 89 F. Supp. 2d 142, 147 (D. Mass. 2000) (Young, J.).

In the present case, Hydro-Photon cannot meet any of the criteria for reconsideration of the Order.  Hydro-Photon does not allege an intervening change in the law or the discovery of new evidence not previously available.  Thus, Hydro-Photon must only be asserting "a clear error of law" as to the Court's construction of the control mean limitation.  The Court, however, made no clear error in construing the control means limitation.

Hydro-Photon does not actually make any new arguments in its request for reconsideration, but rather restates its previously rejected arguments.  Hydro-Photon cannot point to any substantial reason for the Court reconsider the Order, in which the construction of the control means claim limitation is fully supported by the law and the facts of this case.

Hydro-Photon claims that the Court erred by (1) mischaracterizing its argument by equating the liquid level sensor with the switches between the power source and the lamp, and (2) giving no weight to its belief that the '424 patent's teaches that the liquid level sensor performs a different function than that recited in the control means limitation or to the patent's prosecution history.  Hydro-Photon is wrong on both counts.

First, the Court made clear that it considered Hydro-Photon's arguments because the Court *restated* them in the Order.  For example, the Court recited (Order at 4-5):

> Hydro-Photon argues that "[t]he only structures disclosed in the specification of the '424 patent that actually perform the agreed-upon function of turning the light source on and off are the on-off switch 28 and switches that the specification of the '424 patent indicates connect and disconnect the power source (e.g., the ballast circuitry 13 and battery 14) and the lamp 12." (Pl. Hydro-Photon, Inc.'s Mem. in Opp'n to Def. Meridian Design, Inc.'s Mot. for Summ. J. of Noninfringement, and in Supp. of Pl.'s Cross-Mot. for Partial Summ. J. of Infringement 5) [hereinafter Pl.'s Mem.].  Instead of turning on the light source, Hydro-Photon argues that the liquid level-sensor disclosed in the preferred embodiment performs the distinct function of preventing the light source from being turned on if water is not sensed. (Pl.'s Mem. 5-6).

Second, the Court's construction of the control means limitation complies with established tenets of claim construction and is fully supported by the specification of the '424 patent. For example, the Court stated:

> According to the *specification*, the circuit for the light source current is controlled by two sets of switches. . . . As a result of the fact that the liquid-level sensor controls when the second set of switches are closed, it is evident that the liquid level sensor performs an integral role in the function of turning the light source on (or off). '424 Patent col. 3 l.9-10 (stating that "the lighting of the lamp is ultimately controlled by the liquid-level sensor").

Order at 5-6 (emphasis added); *id.* at 6 n.3 ("It is also noteworthy that the *specification* describes the function performed by the liquid-level sensor in terms of controlling the light source.") (emphasis added). Neither the canon of claim differentiation nor the prosecution history as propounded by Hydro-Photon alters this conclusion, which is based on the corresponding structures described in the specification as the case law requires. *See Kemco Sales, Inc. v. Control Papers Co.*, 208 F.3d 1352, 1360-61 (Fed. Cir. 2000). Thus, the Court did not erroneously equate the liquid level sensor with the switches between the power source and the lamp, but rather explained their relationship and how the liquid level sensor must be included in the structure corresponding to the recited control means, and the Court made no errors in construing the control means limitation of claim 7 according to established precedent.

Accordingly, Hydro-Photon's request for reconsideration should be denied.

Respectfully submitted,

/s/ Christopher Centurelli
Jeffrey L. Snow (BBO #566388)
Christopher Centurelli (BBO #330860)
KIRKPATRICK & LOCKHART
 PRESTON GATES ELLIS LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111-2950
(617) 261-3100

- 4 -

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants on February 2, 2007.

                                           */s/ Christopher Centurelli*
                                           Christopher Centurelli